**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **RONNIE BARTON,** | § | |
| **TDCJ No. 01792342,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:21-cv-00031-M-BP** |
| | § | |
| **JOHN DOE,** | § | |
| | § | |
| **Defendant.** | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a letter, which the undersigned liberally construes as a civil rights complaint, filed by Plaintiff Ronnie Barton, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. Plaintiff claims that he is the victim of sexual harassment by personnel and fellow inmates at the Allred Unit and that fellow inmates sexually assaulted him in January and February 2020. *Id.* at 1-2. Plaintiff seeks to recover $9,885.55 in damages. *Id.* at 2.

The record reflects that Plaintiff did not pay the Court's filing fee and that he has not filed a motion for leave to proceed *in forma pauperis*. A review of Plaintiff's litigation history confirms that he is barred from proceeding *in forma pauperis* under the provisions of the Prison Litigation Reform Act of 1995.

Title 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed at least eight previous federal civil actions that were dismissed as frivolous or for failure to state a claim, none of which he appealed. *See Barton v. Holliday Unit*, 4:12-cv-2329 (S.D. Tex. Oct. 17, 2012); *Barton v. Medical Dep't*, No. 4:12-cv-2897 (S.D. Tex. Oct. 10, 2012); *Barton v. Blunt*, 4:12-cv-1519 (S.D. Tex. Oct. 9, 2012); *Barton v. Holliday Unit*, 4:12-cv-2886 (S.D. Tex. Oct. 1, 2012); *Barton v. Archie*, No. 4:12-cv-2884 (S.D. Tex. Sept. 27, 2012); *Barton v. Dietician*, No. 4:12-cv-1069 (S.D. Tex. July 26, 2012); *Barton v. Jail Medical Dep't*, No. 4:12-cv-1674 (S.D. Tex. June 27, 2012); and *Barton v. Harris County Jail*, No. H-11-2513 (S.D. Tex. July 8, 2011).

Additionally, the following cases filed by Barton while he was imprisoned were dismissed under the three-strikes provision of 28 U.S.C. § 1915(g) and were not appealed: *Barton v. Slayton*, No. 7:20-cv-00110-O (N.D. Tex. Aug. 18, 2020) (O'Connor, J.); *Barton v. Medical Dep't*, No. 1:20-cv-063-MJT-KFG (E.D. Tex. June 5, 2020); *Barton v. State of Texas*, No. 9:13-cv-118-RC-KFG (E.D. Tex. Aug. 14, 2013); *Barton v. State of Texas*, No. 9:13-cv-087-RC-JKG, (E.D. Tex. July 22, 2013); and *Barton v. Holiday Unit Medical Dep't*, No. 4:12-cv-2647 (S.D. Tex. Oct. 16, 2012).

In his complaint, Barton has not alleged any facts that could establish he was under imminent danger of serious physical injury at the time he filed the lawsuit. He alleges that Allred Unit personnel and fellow inmates have sexually harassed him and that he was sexually assaulted by other inmates in January and February 2020. ECF No. 1 at 1-2. However, he alleged no facts to show that he is currently under imminent danger of serious physical injury or that he was under imminent danger when he filed his complaint.

The Court makes the imminent danger inquiry at the time a plaintiff files his complaint in district court or notice of appeal *in forma pauperis*. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). Barton has not made this showing in the complaint he filed. Therefore, he is

not entitled to proceed *in forma pauperis* and any such motion should be denied. If he wishes to pursue the instant claims, Barton must pay the $402.00 fee for filing a civil action.

For the foregoing reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this case as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Dismissal should be without prejudice to Barton's right to reopen the case if he pays the $402.00 filing fee and files a motion to reopen within thirty days of the date of Chief Judge Lynn's order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 17, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE